[Crim. No. 1530.    Fourth Dist.    Oct. 9, 1959.]

THE PEOPLE, Respondent, v. LEONARD LEWIS
PERRAS, Appellant.

Herbert Licker and R. H. Aaron for Appellant.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, and Ernest E. Sanchez, Deputy Attorney General, for Respondent.

MUSSELL, J.—Appellant was charged in count one of an information with a violation of section 288a of the Penal Code, alleged to have been committed on or about July 26, 1958, with one Leonard R. Lindbeck. In count two he was charged with a violation of section 286 of the Penal Code in that on or about July 26, 1958, he wilfully, unlawfully and feloniously committed the infamous crime against nature with one Leonard Rossier Lindbeck. In count three appellant was charged with a violation of Penal Code, section 288a, alleged to have been committed with one Frank Perras; and in count four appellant was charged with the commission of the infamous crime against nature with one Frank Perras. A jury trial resulted in verdicts finding appellant guilty of the offenses charged in counts one and

two of the information and not guilty as to the charges in counts three and four. Appellant's motion for a new trial was denied and he was sentenced to the state prison. He appeals from the judgment and from the order denying his motion for a new trial.

Leonard Rossier Lindbeck, known as "Lindy," was born on December 26, 1942, and at the times here involved lived with his parents in Garden Grove. Appellant lived about a block from the Lindbeck home and during the early part of 1957 appellant asked Lindy if he would like to help him around the house and Lindy cleaned the house, brushed appellant's dogs, did the dishes, and did different work around the house. Lindy testified in detail as to many immoral acts on the part of appellant, both before and after the acts charged in counts one and two of the information, and described in detail the actual commission of the crimes charged in said counts. His testimony, if believed and sufficiently corroborated, is ample to support the verdicts of the jury. The principal contention of the appellant is that the conviction was had on the uncorroborated testimony of an accomplice. Respondent concedes that Lindy was a willing participant in the acts for which appellant was convicted but contends that his testimony is sufficiently corroborated by the evidence contained in the record.

In *People* v. *Lyons,* 50 Cal.2d 245, 257 [324 P.2d 556], the court said: "The rules concerning the sufficiency of evidence to corroborate the testimony of an accomplice are as follows: Section 1111 of the Penal Code provides, in part: 'A conviction cannot be had upon the testimony of an accomplice unless it be corroborated by such other evidence as shall tend to connect the defendant with the commission of the offense; and the corroboration is not sufficient if it merely shows the commission of the offense or the circumstances thereof. . . .'

"The evidence need not corroborate the accomplice as to every fact to which he testifies but is sufficient if it does not require interpretation and direction from the testimony of the accomplice yet tends to connect the defendant with the commission of the offense in such a way as reasonably may satisfy a jury that the accomplice is telling the truth; it must tend to implicate the defendant and therefore must relate to some act or fact which is an element of the crime but it is not necessary that the corroborative evidence be sufficient

in itself to establish every element of the offense charged. (Citing cases.)''

And in *People* v. *Trujillo*, 32 Cal.2d 105, 110-111 [194 P.2d 681], it is said that: ''Such corroboration must create more than a suspicion of guilt, but is sufficient even though it 'be slight and, when standing by itself, entitled to but little consideration.' (Citing cases.) It is sufficient when the evidence offered as corroborative tends to connect a defendant with the commission of the crime in such a way as reasonably may satisfy a jury that the accomplice is telling the truth. It is not necessary that the accomplice be corroborated as to every fact to which he testifies. If his testimony could be completely proven by other evidence, there would be no occasion to offer him as a witness. (*People* v. *Negra*, 208 Cal. 64 [280 P. 354] (*supra*); *People* v. *Yeager, supra* [194 Cal. 452 (229 P. 40)].) For the same reason, it is not necessary that the independent evidence be sufficient to establish the defendant's guilt. The prosecution is not required to single out an isolated fact which in itself, unrelated to other proven facts, is considered to be sufficient corroboration. It is the combined and cumulative weight of the evidence furnished by nonaccomplice witnesses which supplies the test.''

In the instant case the record shows that Lindy described events which occurred during a long period of time. He described in detail his relationship with appellant and referred to times when appellant would put his arm around him and kiss him on the neck. He stated that he had attended a performance of Cinerama with appellant and described the location of Dr. Herdocia's apartment. The testimony of Sergeant Laef corroborated that of Lindy in many particulars. He testified as to conversations had with appellant in which appellant admitted that he had kissed Lindy and put his arm around him; that appellant stated that on one occasion at his home he walked into the bedroom where Lindy and Frank Perras were and had witnessed an act of oral copulation between the two of them; that when advised of the charges against him and of some of the evidence against him, appellant's eyes ''started to water and (he) started to sob slightly, and he said that he had—the boys were in his home and he had become aroused when he saw the boys''; that he was sexually aroused when he saw these boys and ''when he felt like that feeling coming over him he tried to get them to go home and leave his house, but that they dilly-dallied around the house''; that Lindy told of

his acquaintance with Dr. Herdocia and described his apartment, and that when Dr. Herdocia was arrested he at first denied knowing Lindy but later admitted that he did know him; that when appellant was asked if he ever molested the boy appellant said that he had kissed him but he only kissed him "behind the ear or on the neck." A police officer of the city of Garden Grove testified that the appellant stated that on one occasion he had kissed Lindy; that he may have had an erection in Lindy's presence, and that he may have masturbated in the house while Lindy was there. Lindy's mother testified that Lindy stayed overnight at appellant's home on an occasion in July so that he might attend Cinerama and that appellant had "kissed" Lindy in her presence.

The foregoing evidence and other circumstances shown by the record substantially corroborate the testimony of Lindy under the rules announced in the cases cited.

Appellant claims that the trial court unlawfully restricted appellant's cross-examination of respondent's witness Lois Lindbeck. She testified as to her son's reputation for truth, honesty and veracity, and appellant's counsel sought to examine her relative to claimed sexual relations with his sister. The trial court ruled that such evidence was inadmissible. As is said in *People* v. *Whitehead,* 113 Cal. App.2d 43, 48 [247 P.2d 717], quoting from 27 California Jurisprudence 96 et seq.

"The authorities all agree that wide latitude should be allowed in cross-examination for the purpose of testing accuracy or credibility, especially if the witness is a reluctant one or is hostile, or if he is one of the parties in interest, *or is a witness against a defendant in a criminal prosecution.* The court has, however, discretionary power over cross-examination which will be disturbed on appeal only in case of an abuse thereof. Thus the court may confine an examination within reasonable limits, and *may curtail a cross-examination which is unduly protracted, frivolous, or which relates to matters which are irrelevant, admitted or have already been fully covered.* (Emphasis added.)"

No abuse of discretion appears in the criticized ruling. It is also urged that the trial court unlawfully restricted the cross-examination of Lindy. This argument is likewise without merit. The record shows that the witness was extensively cross-examined by counsel as to the facts and circumstances surrounding the commission of the offenses charged. The record shows that counsel for appellant at-

tempted to cross-examine Lindy as to claimed sexual relations with his younger sister at a time approximately two years before he met the appellant and the court sustained the objection. While appellant was entitled to a wide latitude in cross-examining this witness, there was no reversible error in refusing to permit counsel to inquire as to specific sexual acts with his sister and her girl friend under the circumstances shown by the record.

Finally, appellant argues that the court committed errors of law as a result of erroneous rulings upon the evidence. His first claim in this regard is that the court permitted nonresponsive answers by Lindy which permitted him to testify to acts other than those of sex perversion charged against appellant. He further argues that it was error to permit Lindy's mother to testify concerning his reputation for truth and veracity when she admitted that she had spoken to only two families in the neighborhood about her son. Appellant also argues that it was error to permit testimony as to appellant's statements concerning his sexual arousement. While some of the answers of the witness Lindy were not responsive to the questions asked, we are unable to find reversible error or clear abuse of discretion in the rulings of the trial court in respect to the testimony of this witness, or in the admission of the testimony of appellant's mother, and evidence of statements made by appellant.

Judgment and order denying a new trial affirmed.

Griffin, P. J., and Shepard, J., concurred.

A petition for a rehearing was denied November 2, 1959, and appellant's petition for a hearing by the Supreme Court was denied December 2, 1959.